JUSTICE GRAY,
specially concurring.
¶52 I concur in the Court’s opinion on issues 1 and 2. On issue 3,1 agree that the District Court did not commit reversible error, but I do not agree with the Court’s analysis.
¶53 With regard to issue 3,1 disagree with the Court’s conclusion that Grimes did not waive his right to assert as error the court’s refusal to give his proposed instruction no. 18. The Court correctly quotes § 46-16-410, MCA, which precludes a party from asserting error as to any omission from the instructions “unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions.” The Court decides to disregard the statute — even though Grimes clearly did not meet the statutory requirements — based on its determinations that the basis of the claimed error is obvious from the content of the instruction and an adequate record exists to review the issue on appeal. I cannot agree.
¶54 In the first place, it is my view that we cannot properly substitute our judgment for that of the Legislature in this matter. The statute was duly enacted by the Legislature and we are bound to apply it by its terms. The Court does not do so. I would conclude, pursuant to § 46-16-410, MCA, that Grimes waived his right to raise the instructional error on appeal.
¶55 Nor do I agree that the basis of the claim of error is obvious or that an adequate record exists to review the issue in this case. Grimes proposed the instruction and stated its source to be “Model Criminal Jury Instructions for the Ninth Circuit, No. 4.10 (1992).” Montana courts are not required to give any or every instruction approved by the Ninth Circuit. Moreover, Grimes did not cite to Déla Rosa or any other case authority presenting the rationale for the instruction, either at the time the instruction was offered or at the time the District Court refused it. Nor did Grimes object in any fashion to the trial *33 court’s rationale in refusing the proposed instruction, which was that it constituted “a comment on the evidence.”
¶56 Furthermore, it is my view that Déla Rosa does not support the giving of the proposed “jailhouse informant” instruction in this case. In Bela Rosa, an actual accomplice to the crimes charged against the defendant testified that the defendant admitted he had committed the crimes and disclosed the details of the crimes. The accomplice was the prosecution’s primary witness at trial and, importantly, it was undisputed that the accomplice’s testimony was secured by a promise not to prosecute him in exchange for his cooperation. Under such circumstances, the Ninth Circuit determined — in a per curiam opinion — that the trial court should have given the instruction to minimize unfairness. Dela Rosa, 644 F.2d at 1260. Here, Ortega was not an accomplice, was not the prosecution’s primary witness and, importantly, it was far from undisputed — as the Court admits — whether his testimony was offered in exchange for anything.
¶57 Finally, our standard is whether the instructions given, taken as a whole, “fully and fairly instruct the jury on the law applicable to the case.”See Goulet, 283 Mont. at 41, 938 P.2d at 1332. Here, the District Court adequately instructed the jury that it should regard any admission or confession [by Grimes] with caution.
¶58 I would hold that Grimes waived his right to raise the instructional error on appeal. I would further hold that, in any event, Grimes was not entitled to have the instruction given and the District Court did not err in refusing it. Since the Court reaches the same ultimate conclusion — that is, that no reversible error was committed — I specially concur in the Court’s opinion on issue 3.